UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
VIÑA CASA TAMAYA S.A.,,                                  :
                                                         :
                        Plaintiff,                       :
                                                         :     10 Civ. 3025 (SHS)
             -against-                                   :
                                                         :     Opinion
OAKVILLE HILLS CELLAR, INC. d/b/a Dalla                  :
Valle Vineyards,                                         :
                                                         :
                        Defendant.                       :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

    Plaintiff Viña Casa Tamaya, S.A. brings this action pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, seeking a declaration that its TAMAYA mark for wine does not infringe the MAYA trademark for wine registered by defendant Oakville Hills Cellar, Inc. d/b/a Dalla Valle Vineyards. Defendant has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or as a matter of the Court's discretion pursuant to the Declaratory Judgment Act. Because there is no actual controversy sufficient to establish federal jurisdiction, the Court grants defendant's motion to dismiss.

**I.   BACKGROUND**

    The following facts are undisputed, unless otherwise noted.

    Viña Casa, a manufacturer and distributor of wines, is a corporation organized under the laws of Chile with a principal place of business in Chile. (Compl. ¶ 9.) Viña Casa uses the mark TAMAYA on one of its Chilean wines, which it has sold internationally since 2003. (*Id.* ¶¶ 10, 17.) Defendant Dalla Valle Vineyards, also a manufacturer and distributor of wines, is a corporation organized under the laws of California with a principal place of business in

California.  (*Id.* ¶¶ 3, 13.)  Dalla Valle owns U.S. Trademark Reg. No. 2,508,401 for MAYA, which it has used on its wines since 1991.  (*Id.* ¶¶ 13-14, Ex. 1.)

On September 3, 2008, Viña Casa filed an application to register the TAMAYA mark with the United States Patent and Trademark Office ("USPTO").  (*Id.* ¶ 15; Decl. of Barbara H. Loewenthal in Opp. to Mot. to Dismiss dated  Jun. 2, 2010 ¶ 3.)   Upon learning that the USPTO had approved Viña Casa's application to be published for the purpose of determining if there was any opposition to registration of the mark, defendant sent plaintiff a "cease and desist" letter, contending that plaintiff's TAMAYA mark is "confusingly similar" to defendant's MAYA mark.  (Compl. ¶ 14; J. Scott Gerien letter to Barbara H. Loewenthal, dated Feb. 6, 2009, Ex. 1. to Compl.)  This letter stated that:

> Dalla Valle must demand that Viña Casa Tamaya expressly abandon its pending trademark application for TAMAYA for wine and agree not to file any []other applications for TAMAYA, any other mark containing the component 'MAYA,' or any marks confusingly similar to MAYA, for wine or other grape-based alcoholic beverages in the U.S.

(*Id.*)  The letter went on to describe Dalla Valle's vigorous protection of its MAYA mark in general but did not specifically object to Viña Casa's continued use of the TAMAYA mark.  (*Id.*)  Viña Casa did not respond to this letter, and on March 25, 2009, Dalla Valle filed a Notice of Opposition in the USPTO's Trademark Trial and Appeal Board ("TTAB") to Viña Casa's pending trademark application for TAMAYA.  (Compl. ¶ 15; Notice of Opposition, Ex. 1 to Compl.)

Following defendant's Notice of Opposition, the parties discussed ways to resolve their disagreement over registration of the TAMAYA mark.  (Compl. ¶¶ 16-17; *see also* Loewenthal Decl. ¶¶ 7-8, 11-12, 17-18.)  The parties exchanged various settlement proposals, which included

terms under which Viña Casa might continue to use the TAMAYA mark, but those negotiations failed to produce an agreement. (Compl. ¶¶ 16-17; Loewenthal Decl. ¶¶ 13, 18.)

Plaintiff filed this federal action for a declaratory judgment on April 8, 2010.[1] Viña Casa contends that defendant's allegedly diluted MAYA mark for a Californian wine has a distinct and identifiable meaning from plaintiff's mark for a Chilean wine and thus there is no likelihood of confusion. In light of defendant's demand that plaintiff abandon its pending trademark application, Viña Casa now seeks a declaratory judgment that it has not infringed any trademark rights in using TAMAYA with respect to its own wines. Dalla Valle counters that Viña Casa is attempting to misuse the Declaratory Judgment Act to remove an administrative action from the TTAB in the absence of any threat of litigation or claim of trademark infringement. Defendant has moved to dismiss the complaint for lack of jurisdiction under the Declaratory Judgment Act or pursuant to the Court's discretion under that Act.

## II. DISCUSSION

### A. Legal Standard

A motion to dismiss for lack of subject matter jurisdiction made pursuant to Fed. R. Civ. P. 12(b)(1) will be granted "when the district court lacks the statutory or constitutional power to adjudicate" the action. *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)) (internal quotation marks omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113. In resolving the question of jurisdiction, a district court may look to evidence outside the pleadings. *See Anglo-Iberia Underwriting Mgmt. v. P.T. Jamsostek*, 600 F.3d 171, 175 (2d Cir. 2010).

---

[1] On May 20, 2010, Viña Casa filed a motion with the TTAB to suspend the proceedings pending the outcome of this action. Dalla Valle opposed that motion. (*See* Loewenthal Decl. ¶¶ 14-16.)

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a).  "[T]he phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)).

In determining what constitutes a justiciable controversy for purposes of the Declaratory Judgment Act, the United States Supreme Court has written that "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127 (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273).  Significantly, *MedImmune* rejected lower courts' previous requirement that a declaratory judgment plaintiff seeking to establish federal jurisdiction must demonstrate "a reasonable apprehension of imminent suit." *MedImmune*, 549 U.S. at 132 n.11; *see Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240-42 (10th Cir. 2008); *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380 (Fed. Cir. 2007); *Bruce Winston Gem Corp. v. Harry Winston, Inc.*, No. 09 Civ. 7352, 2010 WL 3629592 at *3-4 (S.D.N.Y. Sept. 16, 2010); *AARP v. 200 Kelsey Assocs., LLC*, No. 06 Civ. 81, 2009 WL 47499, at *6-7 (S.D.N.Y. Jan.8, 2009); *Russian Standard Vodka (USA), Inc. v. Allied Domecq Spirits & Wine USA, Inc.*, 523 F. Supp. 2d 376, 382 (S.D.N.Y. 2007).  Thus, courts now decide the question of jurisdiction in declaratory judgment actions by considering "all the circumstances." *See MedImmune*, 549 U.S. at 127 (quoting *Maryland Cas. Co*, 312 U.S. at 273).

B. <u>Application</u>

Under the totality of the circumstances here, plaintiff has failed to show an "actual controversy" sufficient to establish federal jurisdiction pursuant to the Declaratory Judgment Act. The dispute between Viña Casa and Dalla Valle centers on Viña Casa's attempted registration—not *use*—of the TAMAYA mark. Viña Casa has been using the TAMAYA mark for more than seven years without objection from Dalla Valle. Only when Dalla Valle learned of Viña Casa's application to register the mark did Dalla Valle express opposition. And even then, Dalla Valle's February 6, 2009 cease-and-desist letter demanded simply that Viña Casa abandon its pending trademark application. Dalla Valle did not claim trademark infringement, contest plaintiff's continued use of the mark, or make any further demands. As a result of Viña Casa's failure to respond to the cease-and-desist letter, Dalla Valle formally filed a notice of opposition to plaintiff's registration application with the TTAB. Thus, what exists here is a dispute before the TTAB regarding registration of the TAMAYA mark.

Many courts have applied the *MedImmune* standard to declaratory judgment actions concerning trademark infringement. The *Bruce Winston* case from this district is remarkably similar to the case at bar. *See* 2010 WL 3629592. As in this case, the plaintiff there sought a declaratory judgment that its trademark did not infringe on the defendant's trademark where the defendant opposed registration of the mark but had not asserted that the plaintiff's conduct violated its trademark and had not opposed the plaintiff's continued use of the mark. *Id*. at *1-2. The *Bruce Winston* court held that, even after *MedImmune*, "the existence of a dispute before the TTAB is insufficient to establish sufficient adversity for purposes of a declaratory judgment action," *id.* at *5 (citing *Progressive Apparel Group, Inc. v. Anheuser-Busch, Inc.*, No. 95 Civ.

5

2794, 1996 WL 50227, at *4 (S.D.N.Y. 1996)), and therefore granted the defendant's motion to dismiss.

While other courts have denied a declaratory-judgment defendant's motion to dismiss for lack of jurisdiction, they have done so on the basis of facts amounting to a more substantial controversy than exists here.  In *Surefoot LC v. Sure Foot Corporation*, the Tenth Circuit found jurisdiction in light of "five separate TTAB oppositions combined with an extensive history of interactions between the parties in which the declaratory defendants expressly and repeatedly suggested historical and existing infringing activity by the declaratory plaintiff."  531 F.3d at 1247.  Yet the Tenth Circuit declined to address "what *MedImmune* means to a case where the only indicia of a live infringement controversy is the existence of a single TTAB opposition proceeding, or perhaps a single cease-and-desist letter."  *Id.*  *See also, e.g.*, *Water Pik, Inc. v. Med-Systems, Inc.*, No. 10 Civ. 01221, 2011 WL 843916, at *2 (D. Colo. Mar. 8, 2011) (finding jurisdiction where the defendant not only opposed registration of the plaintiff's mark in the TTAB but also had filed a federal trademark infringement suit against plaintiff which the defendant then dismissed without prejudice to its refiling); *Blue Athletic, Inc. v. Nordstrom, Inc.*, No. 10 Civ. 036, 2010 WL 2836303, at *4 (D. N.H. July 19, 2010) ("[T]he combination of two demand letters and formal TTAB opposition on infringement grounds, all steeped in the language of trademark infringement, is sufficient to meet the *MedImmune* standard."); *Venugopal v. Sharadha Terry Products, Ltd.*, No. 07 Civ. 00484C, 2009 WL 1468462, at *4 (W.D.N.Y. May 22, 2009) (finding jurisdiction where the defendant asserted in cease-and-desist letter to plaintiff that it believes any use of the plaintiff's trademark would infringe on the defendant's use of its own trademark and subject plaintiff to liability for trademark infringement and unfair competition); *Floyd's 99 Holdings, LLC v. Woodrum*, No. 08 Civ. 01321, 2009 WL

798804, at *5 (D. Colo. Mar. 24, 2009) ("The existence of [a TTAB] proceeding, coupled with the parties' extensive history of confrontation and negotiation concerning their competing marks and [the defendant's] prior threat of litigation, sufficiently demonstrates the existence of a case or controversy sufficient to support invocation of the Declaratory Judgment Act.").

Viña Casa insists that there is an actual controversy here over use of the TAMAYA mark because Dalla Valle has objected not only to registration but also to settlement proposals that allow plaintiff to continue using the mark.  However, the fact that settlement discussions have linked the issues of registration and use does not push this dispute into the territory of federal jurisdiction.  In a pre-*MedImmune* decision, the *Progressive Apparel* court found no justiciable controversy where, as here, a declaratory defendant opposed a declaratory plaintiff's trademark registration through (1) a letter requesting that the plaintiff abandon its application and (2) formal opposition in the registration proceeding.  1996 WL 50227 at *2.  That court specifically added: "Nor is it significant that the parties engaged in settlement negotiations that included discussions of plaintiff's use—not just its registration—of the [] mark. . . .  Seeking to obtain a concession in negotiations is a far cry from threatening to bring a coercive lawsuit to obtain the desired result." *Id.* at *4.  Even in a post-*MedImmune* world, this Court agrees.  Settlement negotiations are just one factor in a totality of circumstances.  Moreover, parties should be encouraged to engage in interest-based negotiation without making a federal case out of it.  *Cf.* Fed. R. Evid. 408 (barring evidence of offers to compromise as proof of liability).

Cognizant that "[t]he difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree," *Maryland Cas. Co*, 312 U.S. at 273, the Court finds that defendant's opposition to plaintiff's trademark registration through a cease-and-desist letter and Notice of Opposition before the TTAB—accompanied by

7

settlement negotiations touching on use of the disputed mark—is insufficient to create an actual controversy based on infringement, where plaintiff has been using the mark for seven years without any assertion by defendant of past, present, or potential infringement.  The TTAB is the appropriate forum to resolve the only concrete dispute between the parties—that is, the dispute over registration of the TAMAYA mark.  *See Bruce Winston*, 2010 WL 3629592 at *5; *see also Topp-Cola v. Coca Cola Co.*, 314 F.2d 124, 126 (2d Cir. 1963); *Progressive Apparel*, 1996 WL 50227, at *4.  Because the Court lacks subject matter jurisdiction, the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

      The Court further notes that even if it had jurisdiction here, it would still decline to exercise that jurisdiction.  A district court generally has discretion as to whether or not to "declare the rights and other legal relations of any interested party."  *MedImmune*, 549 U.S. at 136 (citing 28 U.S.C. § 2201(a)).  In the Second Circuit, however, "a court must entertain a declaratory judgment action: (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding," *Continental Cas. Co. v. Coastal Sav. Bank*, 977 F.2d 734, 737 (2d Cir. 1992) (citing *Broadview Chem. Corp. v. Loctite Corp.*, 417 F.2d 998, 1001 (2d Cir. 1969)).

      As previously discussed, the legal relations at issue here concern the registrability of Viña Casa's TAMAYA mark.  That dispute can properly be resolved in the TTAB proceeding already underway.[2]  As in *Bruce Winston*, "[t]he pursuit of this action does not further an efficient resolution of any dispute between the parties."  2010 WL 3629592 at *6.  *See also Topp-Cola*, 314 F.2d at 126 ("The plaintiff is not in the position of one who is threatened with legal

---

[2] The fact that plaintiff moved to suspend the TTAB proceeding soon after filing this action squints in the direction of forum shopping and thus militates against the exercise of jurisdiction.

8

proceedings but does not know when or where the blow will fall. The [registration] proceedings in Puerto Rico and the defendant's opposition are actual; the right of both parties will be determined in due course."). Moreover, because Dalla Valle does not object to Viña Casa's current use of the mark, the Court need not opine on whether hypothetical uses of the TAMAYA mark might infringe on the MAYA mark. *See Bruce Winston*, 2010 WL 3629592 at *6. Accordingly, the Court would decline to exercise jurisdiction pursuant to the Declaratory Judgment Act if it had such jurisdiction.

### III.     CONCLUSION

Because there is no actual controversy sufficient to establish federal court jurisdiction, defendant's motion to dismiss the complaint is granted.

Dated:  New York, New York
           April 26, 2011